

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| RENE L. RIVERA | § | |
| | § | C. A. NO. 1:03-CV-031-C |
| VS. | § | |
| | § | |
| UNION PACIFIC RAILROAD COMPANY | § | |

## PLAINTIFF'S PROPOSED JURY CHARGE, INSTRUCTIONS AND ISSUES

Attached hereto are Plaintiff's Proposed Jury Charges, Instructions and Issues for filing in the above-styled cause of action.

Respectfully submitted,

McKINNEY & McKINNEY, L.L.P.

BY: _____
R. L. PETE McKINNEY
ATTORNEY IN CHARGE
State Bar No. 13723400
**PATRICE McKINNEY**
State Bar No. 00789485
550 Westcott, Suite 590
Houston, Texas 77007
(713) 869-1500
(713) 880-4638 - fax

**ATTORNEYS FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **RENE L. RIVERA** | § | |
| | § | C. A. NO. 1:03-CV-031-C |
| VS. | § | |
| | § | |
| **UNION PACIFIC RAILROAD COMPANY** | § | |

## PLAINTIFF'S PROPOSED JURY CHARGE, INSTRUCTIONS, AND ISSUES

MEMBERS OF THE JURY:

Now that you have heard all the evidence and the arguments of counsel, it becomes my duty to give to you the Instructions of the Court concerning the law applicable to this case.

I. **GENERAL INSTRUCTIONS**

It is your duty as jurors to follow the law as I shall state it to you and apply that law to the facts as you find them from the evidence in the case. You are not to single out one Instruction alone as stating the law but must consider the Instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the Instruction of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in this case.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially

consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered by you as an action between persons of equal standing in the community and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

When a corporation is involved, of course, it may act only through natural persons as its agents or employees. And, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his or her authority, delegated to him or to her by the corporation or within the scope of his duties as an employee of the corporation.

As stated earlier, it is your duty to determine the facts; and in so doing, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such

reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may, in your determination of the facts in this case, consider both direct and circumstantial evidence. Direct evidence is the testimony of a witness who actually saw an event occur. Circumstantial evidence is proof of a chain of circumstances pointing to the occurrence of a fact or the existence of a fact. Direct evidence includes a witness' testimony as to facts within that person's own personal knowledge, matters that the witness saw and heard, and matters that came to the witness out of that person's own senses or observations. Circumstantial evidence, rather than or in addition to direct evidence, can be used to establish a fact if that fact may be fairly and reasonably inferred from all other facts and circumstances provided in the case. In order to establish a fact or conclusion by circumstantial evidence, the facts that were directly proved in the case must be such as to make the fact or conclusion sought to be shown by circumstantial evidence more reasonably probable to be true than alternative facts or conclusions.

Now, I have said that you must consider all the evidence. This does not mean, however, that you must accept all of the evidence as either true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to his or her testimony.

In weighing the testimony of a witness, you should consider his or her relationship to the Plaintiff or to the Defendant; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified; his or her candor, fairness and intelligence; and the extent to which he or

she has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence of non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist you in the understanding of the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience or if you should conclude that the reasons given in support of the opinion are not sound or that the opinion is outweighed by other evidence, then you may disregard that opinion entirely.

During the trial of this cause, certain testimony has been presented to you by way of

deposition, consisting of sworn answers to questions asked of the witness in advance of trial by one or more attorneys for the parties. The testimony of a witness who, for some reason, cannot be present to testify on the witness stand may be presented in the form of a deposition. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by the jury, insofar as possible, in the same way as if the witness had been presented and had testified from the witness stand.

In a civil action such as this, each party asserting a claim or defense to such a claim, as hereinafter described, has the burden of proving every essential element of his claim or defense by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim or defense by a "preponderance of evidence" merely means to prove that the claim or defense is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof should fail to establish any essential element of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim. Likewise, if the Defendant fails to establish any essential element of its defense by a preponderance of the evidence, you should find for the Plaintiff on that defense.

II. <u>LIABILITY INSTRUCTIONS</u>

Plaintiff RENE L. RIVERA, a railroad worker, is making a claim under the Federal

with a reasonably safe place to work or reasonably safe equipment or reasonably safe procedures, and that the Plaintiff's working conditions could have been made safe through the exercise of reasonable care, then you must find that the Defendant was negligent.

Further, if the Plaintiff's injuries were legally caused by the negligent act or omission of a fellow employee acting in the course of his employment, then the Defendant would be legally responsible for the act or omission of the fellow employee.

A railroad has a duty to assign employees to work for which they are reasonably suited. A railroad breaches that duty if it negligently assigns an employee to perform work beyond his capacity. The employee's knowledge of his physical condition does not absolve the railroad of its duty to protect the employee from further injury.

Negligence is a "legal cause" of damage if it played any part, no matter how small, in bringing about or actually causing the injury or damage. If you find that the Defendant UNION PACIFIC RAILROAD COMPANY was negligent and that the Defendant's negligence contributed in any way toward any injury or damage suffered by the Plaintiff RENE L. RIVERA, you must find that such injury or damage was legally caused by the Defendant's acts or omissions.

Negligence may be a legal cause of damage even though it operates in combination with the act of another or some natural cause or some other cause, if the negligence played any part, no matter how small, in causing the damage.

An employee's claim under the FELA does not depend on showing that the injury was caused by a particular negligent act, but may be caused by the cumulative effect of a series of incidents, or due to the employee's weakened condition. Recovery for the resulting injury may be had under the FELA.

If the Plaintiff RENE L. RIVERA does not establish his claim by a preponderance of the evidence, your verdict must be for the Defendant UNION PACIFIC RAILROAD COMPANY. If, however, the Plaintiff RENE L. RIVERA does establish his claim by a preponderance of the evidence, then you must consider the defense raised by the Defendant UNION PACIFIC RAILROAD COMPANY. Defendant UNION PACIFIC RAILROAD COMPANY contends that Plaintiff RENE L. RIVERA was negligent and that such negligence was a legal cause of Plaintiff's injuries. The Defendant UNION PACIFIC RAILROAD COMPANY bears the burden of proving by a preponderance of the evidence that the Plaintiff was negligent. The Defendant must establish two factors:

1. That Plaintiff RENE L. RIVERA was also negligent; and
2. That the Plaintiff's negligence was a legal cause of the damages sustained by the Plaintiff.

The Plaintiff RENE L. RIVERA has a duty to exercise reasonable care to ensure his own safety. You may not find negligence on the part of the Plaintiff, however, simply because he acceded to the request or direction of responsible representatives of his employer or because he works at a dangerous job or in a dangerous place or under unsafe conditions. You may not find that the Plaintiff assumed the risk of employment if his injuries resulted in whole or in part from the negligence of any of the officers, agents, or employees of the Defendant. If you find that the Defendant is negligent and that the Plaintiff is also negligent, then the Plaintiff will not be barred from recovery, but his recovery will be reduced. Let me give you an example: If you find that the accident was due partly to the fault of the Plaintiff, that the Plaintiff's own negligence was, for example, 10 percent responsible for the damage, then you must fill in that percentage as your finding

on the special verdict form that I will explain to you.

Your finding that the Plaintiff was negligent does not prevent him from recovering. I will merely reduce the Plaintiff's total damages by the percentage that you insert. Of course, by using the number 10% as an example, I do not mean to suggest any specific numerical figure to you. If you find that the Plaintiff was negligent, you might find any amount between 1% and 99%.

III. <u>DAMAGE INSTRUCTIONS</u>

If Plaintiff RENE L. RIVERA has proven his claim against Defendant UNION PACIFIC RAILROAD COMPANY by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given Instructions about the Plaintiff's damages as an indication in any way that I believe the Plaintiff should or should not win this case. It is your task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

If you find that the Defendant is liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff, whole – that is, to compensate the Plaintiff for the damages he suffered. Compensatory damages are not limited to expenses that the Plaintiff may have incurred because of his injuries.

If the Plaintiff wins, he is entitled to compensatory damages for the loss of earning capacity, physical injury, mental anguish, pain and suffering, discomfort and physical impairment, including loss of ability to perform household services and loss of capacity for the enjoyment of life that he has suffered because of the Defendant's conduct.

You may award compensatory damages only for injuries that Plaintiff RENE L. RIVERA proves were legally caused by Defendant UNION PACIFIC RAILROAD COMPANY's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

In this regard, the Plaintiff has an obligation to mitigate his damages if he is reasonably able to do so. You should consider the Plaintiff's medical and mental condition, his education, and the availability of alternative work in this regard. The Defendant has the burden of establishing a failure to mitigate by a preponderance of the evidence.

If you decide to award damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require the Plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

A.  Damages Accrued.

If you find for the Plaintiff RENE L. RIVERA, he is entitled to recover an amount that will

fairly compensate him for any damages he has suffered to date.

B.  Calculation of Future Damages.

If you find that the Plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award the amount you believe would fairly compensate him for such future damages. In calculating future damages, you should consider the standard table of mortality as compiled by the United States Bureau of the Census or other recognized mortality table.

C.  Reduction of Future Damages to Present Value.

An award of future damages necessarily requires that payment be made now for a loss that the Plaintiff will not actually suffer until some future date. If you should find that the Plaintiff is entitled to future damages, including future earnings and benefits, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings and benefits, you must consider two particular factors:

1.  You should reduce any award by the amount of the expenses that the Plaintiff would have incurred in making those earnings and benefits.

2.  If you make an award for the future loss of earnings and benefits, you must reduce it to present value by considering the interest that the Plaintiff could earn on the amount of the award if he made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings and benefits is more valuable to the Plaintiff if he receives it today than if he received it in the future when he would other wise have earned it. It is more valuable because the Plaintiff can earn interest on it for the period of time between the date of the

award and the date he would have earned the money. Thus, you should adjust the amount of any award for future loss of earnings and benefits by the amount of interest that the Plaintiff can earn on that amount in the future.

If you make any award for any future medical expenses, you should adjust or discount the award to present value in the same manner as with loss of future earnings and benefits.

However, you must not make any adjustment to present value for any damages you award for future pain and suffering, future mental anguish, or loss of life's pleasures.

The sum of money, if any, you award will not be subject to any income taxes, except as hereafter provided, and you should not consider or discuss such taxes in fixing the amount of your award, if any.

You may award damages for any bodily injury that the Plaintiff sustained and any pain and suffering, disability that the Plaintiff experienced in the past, or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental anguish, physical pain and suffering, or the like, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the Plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award that you make should be fair in the light of the evidence.

You are instructed that in computing the Plaintiff's damages for past and/or future lost wages and benefits, if any, you should not base it on his gross earnings, but should consider only net amount of his earnings after the deduction of income taxes and railroad retirement taxes. In other words, the Plaintiff is entitled to recover only the "take home pay" and benefits which you find he has lost in the past or will lose in the future.

You may award damages for aggravation of an existing disease or physical defect or activation of any such latent condition resulting from physical injury to the Plaintiff. If you find that there was such an aggravation, you should determine, if you can, what portion of the Plaintiff's conditions resulted from the aggravation, and make allowance in your verdict only for that aggravation.

IV. DELIBERATION INSTRUCTIONS

Your Verdict must represent the considered judgment of each juror. In order to return a Verdict, it is necessary that each juror agree thereto. In other words, your Verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberation, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a Verdict.

Remember at all time you are not partisans. You are judges – judges of the facts. Your sole interest in this case is to seek the truth from the evidence.

Upon retiring to the jury room, you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. A form of Verdict has been prepared for your convenience.

You will take the Verdict form to the jury room and when you have reached unanimous agreement as to your Verdict, you will have your foreperson fill it out, date and sign it, and notify

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| RENE L. RIVERA | § | |
| | § | C. A. NO. 1:03-CV-031-C |
| VS. | § | |
| | § | |
| UNION PACIFIC RAILROAD COMPANY | § | |

## PLAINTIFF'S PROPOSED SPECIAL ISSUES

### ISSUE NO. 1

Do you find that Defendant UNION PACIFIC RAILROAD COMPANY was negligent and that such negligence was a legal cause of Plaintiff RENE L. RIVERA's injuries?

Answer "Yes" or "No."

ANSWER:_____

## ISSUE NO. 2

Do you find that Plaintiff RENE L. RIVERA was negligent and that such negligence was a legal cause of his injuries?

Answer "Yes" or "No."

ANSWER:_____

If you have answered "Yes" to both Issue No. 1 and Issue No. 2, answer this Issue. If you answered "No" to either or both Issues No. 1 and No. 2, then skip this Issue and proceed to Issue No. 4.

## ISSUE NO. 3

What percentage of negligence that was a legal cause of Plaintiff RENE L. RIVERA's injuries is attributable to each of the parties?

In answering this Issue, you should consider only the negligence of Defendant UNION PACIFIC RAILROAD COMPANY and Plaintiff RENE L. RIVERA, which you have found to be a legal cause of the injuries. The percentage you find must add up to 100%.

Answer by stating the percentage opposite each name.

| | | |
|---|---|---|
| A. | UNION PACIFIC RAILROAD COMPANY | _____% |
| B. | RENE L. RIVERA | _____% |
| | Total | 100    % |

# ISSUE NO. 4

What sum of money, if paid now in cash, do you find by a preponderance of the evidence would fairly and reasonably compensate Plaintiff RENE L. RIVERA for his injuries, if any, resulting from the negligence of the Defendant, if any?

Answer separately in dollars and cents, if any, with respect to each of the following elements:

| | | |
|---|---|---|
| ELEMENT 1 | Loss of earnings in the past. | $ _____ |
| ELEMENT 2 | Loss of earnings and benefits which, in reasonable probability, will be sustained in the future. | $ _____ |
| ELEMENT 3 | Physical pain and suffering in the past. | $ _____ |
| ELEMENT 4 | Physical pain and suffering which, in reasonable probability, will be sustained in the future. | $ _____ |
| ELEMENT 5 | Mental anguish in the past. | $ _____ |
| ELEMENT 6 | Mental anguish which, in reasonable probability, will be suffered in the future. | $ _____ |
| ELEMENT 7 | Physical impairment. | $ _____ |
| ELEMENT 8 | Physical impairment, which in reasonable probability, will be suffered in the future. | $ _____ |