

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

MAR 19 2003

| | | |
|---|---|---|
| **RENE L. RIVERA** | § | |
| | § | **C. A. NO. 1:03-CV-031-C** |
| **VS.** | § | |
| | § | |
| **UNION PACIFIC RAILROAD** | § | |
| **COMPANY** | | |

## DEFENDANT'S PROPOSED JURY CHARGE, INSTRUCTIONS AND ISSUES

Attached hereto are Plaintiff's Proposed Jury Charges, Instructions and Issues for filing in the above-styled cause of action.

Respectfully submitted,

**McLEOD, ALEXANDER, POWEL & APFFEL**

BY: _Douglas W Poole_

DOUGLAS W. POOLE
State Bar No. 16115600
802 Rosenberg
Galveston, Texas 77553
(409) 763-2481, ext. 116
(409) 762-1155 - fax

**ATTORNEYS FOR DEFENDANT**

1

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the ___19th___ day of March 2003, forwarded a copy of the foregoing instrument to all counsel of record by hand delivery or certified mail, return receipt requested and/or facsimile.

*Douglas W. Poole*

**DOUGLAS W. POOLE**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| RENE L. RIVERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| UNION PACIFIC RAILROAD COMPANY | § | |
| | § | Civil Action No. |
| Defendant. | § | 1:03-CV-031-C |

**DEFENDANT'S PROPOSED COURT CHARGE
WITH PROPOSED QUESTIONS**

MEMBERS OF THE JURY:

Now that you have heard all the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court just as it would also be a violation of your sworn duty as judges of the facts to base a verdict upon anything other than the evidence in this case.

In deciding the facts of this case you must not be swayed by bias or prejudice or sympathy in any part of your deliberations. Our system of law does not allow jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public

expect that you will carefully and patiently consider all of the evidence in the case, follow the law as stated by the Court and reach a just verdict regardless of the consequences. This case should be considered and decided by you as an action between persons of equal standing in the community and holding the same or similar stations in life.  A corporation is entitled to the same fair trial at your hands as a private individual.  The law is no respecter of persons and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.  The term "Evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.   In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you make deductions and reach

conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may also consider either direct or circumstantial evidence. "Direct Evidence" is the testimony of one who asserts actual knowledge of a fact. When a witness testifies as to facts of his own knowledge, matters which he saw and heard, knowledge came to him by virtue of his own senses of his own observation -- this is direct evidence. "Circumstantial Evidence" is proof of a chain of facts and circumstances indicating the occurrence or existence of other facts and circumstances. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence admitted in the case.

Now, I have said that you must consider all the evidence. This does not mean, however, that you must accept all of the evidence as true and accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to their testimony. In weighing the testimony of a witness you should consider his relationship to the Plaintiff or to the Defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence: and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence on in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify and state his opinion concerning such matters. You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.

If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

During the trial of this cause, certain testimony has been presented to you by way of deposition, consisting of sworn answers to questions asked of the witness in advance of trial by one or more attorneys for the parties. The testimony of a witness who, for some reason, cannot be present to testify on the witness stand may be presented in the form of a deposition. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by the jury, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

In a civil action such as this, each party asserting theory of/or defense of a claim, as hereafter described, has the burden of proving every essential element of his claim by a "preponderance of the evidence". A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

## SPECIFIC INSTRUCTIONS RELATING TO THIS CASE

The Plaintiff is making a claim under the Federal Employers' Liability Act. To win, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      That the Defendant was "negligent"; and

2.      That Defendant's negligence was a legal cause of damage
        sustained by the Plaintiff.

        The Plaintiff claims that the Defendant was negligent.

        Negligence is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

        Negligence is a legal cause of damage if it played any part, no matter how small, in bringing about or actually causing the injury or damage. If you find that the Defendant was negligent and that the Defendant's negligence contributed in any way toward any injury or damage suffered by the Plaintiff, you must find that such injury or damage was legally caused by the Defendant's act or omission. Negligence may be a legal cause of damage

even though it operates in combination with the act of another, or some natural cause, or some other cause if the negligence played any part, no matter how small, in causing the damage.

It was the continuing duty of the defendant, as an employer, at the time and place in question, to use ordinary care under the circumstances, in furnishing the plaintiff with a reasonably safe place in which to work, and to use ordinary care under the circumstances to maintain and keep such place of work in a reasonably safe condition.  This does not mean, of course, that the employer is a guarantor or insurer of the safety of the place to work.   The extent of the employer's duty is to exercise ordinary care, under the circumstances, to see that the place in which the work is to be performed is reasonably safe, under the circumstances shown by the evidence in the case.

If the Plaintiff does not establish his claim by a preponderance of the evidence, your verdict must be for the Defendant.  If, however, Plaintiff does establish his claim by a preponderance of the evidence, then you must consider the defense raised by the Defendant.

The Defendant contends that the Plaintiff was negligent and that such negligence was a legal cause of the Plaintiff's injury. The Defendant bears the burden of proving that the Plaintiff was negligent. The Defendant must establish:

1.     That the Plaintiff was also negligent; and

2.     That such negligence was a legal cause of the Plaintiff's own damage.

If you find that the Defendant was negligent and that the Plaintiff was negligent, then the Plaintiff will not be barred from recovery, but his recovery will be reduced. Let me give you an example: If you find that the accident was due partly to the fault of the Plaintiff, that the Plaintiff's own negligence was, for example 10% responsible for the damage, then you

must fill in that percentage as your finding on the special verdict form that I will explain to you. Your finding that the Plaintiff was negligent does not prevent him from recovering; I will merely reduce the Plaintiff's total damages by the percentage that you insert. Of course, by using the number 10% as an example, I do not mean to suggest any specific figure to you. If you find that the Plaintiff was negligent, you may find any amount between 1% and 99%.

If the Plaintiff has proven his claim against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe the Plaintiff should, or should not, win this case. It is your task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

If you find that the Defendant is liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole--that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered. Compensatory damages are not limited to expenses that the Plaintiff may have incurred because of his injury. If the Plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering that he has suffered because of the Defendant's conduct.

You may award compensatory damages only for injuries that the Plaintiff proves were legally caused by the Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less.

Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

A.     Damages Accrued.

If you find for the Plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.

B.     Calculation of Future Damages.

If you find that the Plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages. In calculating future damages, you should consider the standard table of mortality as compiled by the United States Bureau of the Census, or other recognized mortality table.

C.     Reduction of Future Damages to Present Value.

An award of future damages necessarily requires that payment be made now for a loss that Plaintiff will not actually suffer until some future date.  If you should find that the Plaintiff is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings, you must consider two particular factors:

1.    You should reduce any award by the amount of the expenses that the Plaintiff would have incurred in making those earnings.

2.    If you make an award for future loss of earnings, you must reduce it to present value by considering the interest that the Plaintiff could earn on the amount of the award if he made a relatively risk-free investment.  The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the Plaintiff if he receives it today than if he received it in the future, when he would otherwise have earned it.  It is more valuable because the Plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money.  Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that the Plaintiff can earn on that amount in the future.

If you make any award for any future medical expenses, you should adjust or discount the award to present value in the same manner as with loss of future earnings.

However, you must not make any adjustment to present value for any damages you may award for future pain and suffering or future mental anguish.

You may award damages for any bodily injury that the Plaintiff sustained and any pain and suffering, disability that the Plaintiff experienced in the past, or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the Plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

You are instructed that any recovery by Plaintiff is not subject to taxation. Do not include any amount in your award, if any, for taxes.

You are instructed that in computing Plaintiff's damages for past and/or future lost earnings, if any, you are not to consider his gross earnings, but should consider only the net amount of his earnings after the deduction of income taxes and railroad retirement taxes. In other words, the Plaintiff is entitled to recover only the "take-home pay" and benefits which you find he has lost in the past, or will lose in the future.

You may award damages for aggravation of an existing disease or physical defect resulting from physical injury to the Plaintiff. If you find that there was such an aggravation, you should determine, if you can, what portion of the Plaintiff's condition resulted from the aggravation, and make allowance in your verdict only for the aggravation.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate - to avoid or minimize those damages.

If you find the Defendant is liable and the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage which he could have avoided through

reasonable effort.   If you find by a preponderance of the evidence the Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the Plaintiff acted reasonably in avoiding or minimizing his damages.  An injured Plaintiff may not sit idly by when presented with an opportunity to reduce his damages.  However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages.  The Defendant has the burden of proving the damages which the Plaintiff could have mitigated.  In deciding whether to reduce the Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendant has satisfied his burden of proving the Plaintiff's conduct was not reasonable.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe the Plaintiff should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is

erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A form of verdict has been prepared for your convenience.

(EXPLAIN VERDICT)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and notify the Marshall that you have reached a verdict. You will then be returned to the Courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or questions to writing signed by the foreperson, and pass the note to the Marshall who will bring it to my attention. I caution you, however, with regard to any message you might send, that you should never state or specify your numerical division at the time.

DONE at Abilene, Texas, this _____ day of _____, 2003.

_____

**UNITED STATES DISTRICT JUDGE**

## QUESTION NO. 1

Was the negligence, if any, of those named below a legal cause of the injury, if any, of the Plaintiff of July 17, 2001?

Answer "Yes" or "No" for each of the following:

a.      Rene Rivera                                                    _____

b.      Union Pacific Railroad Company

If, in answer to Question No. 1, you have found the negligence of Rene Rivera and Union Pacific Railroad Company was a legal cause of Plaintiff's injury, if any, then answer Question No. 2; otherwise, do not answer Question No. 2 and go on to Question No. 3.

## QUESTION NO. 2

What percentage of negligence that was a legal cause of the injury is attributable to the parties?

Answer by stating the percentage opposite each name.

a.   Rene Rivera                                   _____%

b.   Union Pacific Railroad Company          _____%


Total:              100%

In answering this question, you should consider only the negligence of Rene Rivera and Union Pacific Railroad Company, which you have found to be the legal cause of the injury; therefore, the percentage should add up to 100%.

## QUESTION NO. 3

What sum of money, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Plaintiff for his injury, if any, which you find from a preponderance of the evidence he received on the occasion in question.

In determining the amount to be awarded for loss of earning capacity, if any, in the future, you are instructed to award the present value of the loss. To determine present value, you are to find the amount of the loss and then discount that amount by deducting therefrom annually an amount equal to the highest rate of interest at which such sum could be safely and securely invested during the period for which you may allow such damages.

You are instructed that the Congress of the United States has decided not to tax as income the amount of damages you award. Therefore, you should not consider such taxes in fixing the amount of your award, if any.

In answering Question No. 3, do not include any amount for any condition not resulting from the occurrence in question.

Answer in dollars and cents, if any, with respect to the following elements:

ELEMENT 1. Loss of earnings in the past.                                                    $_____

ELEMENT 2. Loss of earning capacity which, in reasonable
                          probability, he will sustain in the future.                       $_____

ELEMENT 3. Physical pain in the past.                                                       $_____

ELEMENT 4. Physical pain which, in reasonable probability,
                          he will suffer in the future.                                     $_____

ELEMENT 5. Physical impairment in the past.                                                 $_____

ELEMENT 6. Physical impairment which, in reasonable probability,
                          he will suffer in the future.                                     $_____

ELEMENT 7. The reasonable expenses for medical care which
                          Plaintiff will, in reasonable probability, incur in the
                          future.                                                           $_____

In answering Question No. 3, do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such condition was aggravated by any injuries that resulted form the occurrence in question.