IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION



| | | |
|---|---|---|
| RENE L. RIVERA, | § | |
| Plaintiff, | § § § | |
| V. | § § | Civil Action No. 1:03-CV-031-C |
| UNION PACIFIC RAILROAD CO., | § § | |
| Defendant. | § | JURY |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S
TRIAL BRIEF REGARDING JURY INSTRUCTIONS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant, UNION PACIFIC RAILROAD COMPANY, (hereinafter "UP"), and submits this brief in response to Plaintiff's Trial Brief in Support of Plaintiff's Proposed Jury Charge, Instructions, and Issues. Defendant would show:

I.

**SUMMARY OF THE FACTS**

Plaintiff, Rene L. Rivera, (hereinafter "Rivera") alleges a herniated lumbar disc which he claims occurred July 17, 2001. Rivera was working that day as a welder and alleges the ruptured disc occurred when he and a co-employee lifted a rail shear weighing 25 - 40 pounds. The herniated lumbar disc caused symptoms of low back pain and pain that radiated into his testicles.

This same back pain that radiated into his testicles had been present for at least 19 days before the incident of July 17, 2001. UP contends the herniated disc existed before the claimed accident on

July 17, 2001. The initial symptoms of back pain with radiculopathy into the testicles that began in June 2001, were not related to any on-duty event or any accident. After the symptoms appeared in June 2001, and in the 19 days before the claimed accident, Rivera worked his regular job only one day. The remainder of the time Rivera was off because of the pain.

The limited work Rivera performed was done as an accommodation to him since he would not be paid unless he worked. His supervisor, Nettles, advised Rivera to act as his own foreman and to avoid any activity he could not handle. Other employees were available to lift the rail shear had he asked. The amount he lifted, along with another employee, weighed only 25 to 40 pounds. Additionally, the job he worked was the job he bid on pursuant to his union contract.

## II.

## ARGUMENT

The facts do not support an instruction on "negligent assignment." Further, Defendant's charge is directly from the *Fifth Circuit Jury Charge*.

In particular, Plaintiff's charge requests the following instruction that is inaccurate and is not warranted. Plaintiff requests an instruction that:

> "In a Federal Employers' Liability Act claim, the work 'negligence' is given a liberal interpretation. It includes any breach of duty that an employer owes to its employees who are railroad workers, including the duty of providing for the safety of the workers."

This is an inaccurate statement of the law. As the Fifth Circuit has explained in *Gautreaux v. Scurlock Marine, Inc.*, 107 F.2d 331 (5th Cir. 1997), the phrase "slight negligence," as often argued in Jones Act and F.E.L.A. cases, is a misnomer. As the Fifth Circuit stated:

> "The above survey of our decisions show the confused start and the diverted path leading to the "settled law" in this circuit that a Jones Act employer is bound by a

greater than ordinary standard of care toward its employees and that a seaman owes only a slight duty to look after his own safety. We agree with the Third Circuit that nothing in the text or structure of the F.E.L.A.-Jones Act legislation suggests that the standard of care to be attributed to either an employer or an employee is anything different than ordinary prudence under the circumstances."

Judge Brown discussed negligence, contributory negligence, and causation in F.E.L.A. cases as follows:

> "As to both attack or defense, there are two common elements, (1) negligence, *i.e.*, the standard of care, and (2) causation, i.e., the relation of the negligence to the injury. So far as negligence is concerned, that standard is the same - ordinary prudence - for both employee and railroad alike . . ."

In *Page v. St. Louis Ry. Co.*, 349 F.2d 820 (5th Cir. 1965), the Fifth Circuit refused to find error for failing to submit additional instructions that raised negligence issues, such as unavoidable accident and sole proximate cause. The Fifth Circuit held that an instruction such as unavoidable accident "is confusing and tends to distract the jury's attention from the simple issues." In discussing such an instruction, the Court stated:

> "All of these collateral devices so dear to the heart of Texas bred and Texas trained lawyers immersed in its complex system of special issues submission are in reality merely a submission in another form of questions already implicit in the basic ones of the (a) railroad's negligence (b) causation by reason of the railroad's negligence (c) the injured worker's negligence (d) causation by reason of the worker's negligence and (e) the percentage reduction of damages. This effort to cross examine the jury - whether special interrogatories are used or in outlining the successive fact findings as a predicate for a general verdict - leads only to confusion and a proliferation of metaphysical terms scarcely understandable to the most astute scholar."

In our case isn't it enough to follow the *Fifth Circuit Pattern Jury Charge* with its definition of negligence? The charge already includes an instruction that it is the duty of the railroad to furnish a reasonably safe place to work and to use ordinary care to maintain and keep the workplace in

reasonably safe condition. Instructions such as those requested by Rivera are not in the *Fifth Circuit Pattern Jury Charge*.

It is not necessary to clutter up the charge with the surplus instructions requested by Rivera relating to negligence. This includes the instruction regarding negligent assignment that:

> "The railroad has a duty to assign employees to work for which they are reasonably suited. A railroad breaches that duty if it negligently assigns an employee to perform work beyond his capacity. The employee's knowledge of his physical condition does not absolve the railroad of its duty to protect the employee from further injury."

This instruction from an Eighth Circuit case is misleading in light of instructions and findings in other cases. For example, a railroad has no duty to ascertain whether an employee is physically fit for a job unless it knows or should know that the job assignment exposes the employee to unreasonable risk of harm. *Fletcher v. Union Pacific Railroad Company*, 621 F.2d 902 (9th Cir. 1980), *cert denied*, 449 U.S. 1110 (1981). *Isgett v. Seaboard Coastline R. R.*, 332 F. Supp. 1127 (D.S.C. 1971).

In this case, after reporting a back problem, Union Pacific "allowed" Rivera to work but one day prior to the event for which he has sued. To suggest that somehow "for several months Plaintiff had been de-stressing rail, which is one of the heaviest jobs on the railroad," is false. No instruction is wanted or necessary. The jury is free to find negligence based on negligent assignment, negligent supervision, or any other type of negligence from the charge without this additional instruction.

WHEREFORE, UNION PACIFIC RAILROAD COMPANY prays that Plaintiff's instructions on negligence and negligent assignment be refused.

Respectfully submitted,

McLEOD, ALEXANDER, POWEL & APFFEL,
A Professional Corporation

_____
Douglas W. Poole
SD No. 619, TBA No. 16115600
Attorney-in-Charge
802 Rosenberg, P. O. Box 629
Galveston, Texas 77553
Telephone (409) 732-2481, Ext. 116
Facsimile (409) 762-1155

ATTORNEYS FOR DEFENDANT
UNION PACIFIC RAILROAD COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was properly forwarded to counsel of record listed below by:

\_\_\_\_\_ United States Mail, postage prepaid;

__✓__ United States Certified Mail (return receipt requested);

\_\_\_\_\_ Hand Delivery;

__✓__ Federal Express; and/or

\_\_\_\_\_ Facsimile Transmission

Mr. R. L. Pete McKinney
CRAWFORD & McKINNEY
550 Westcott, Suite 590
Houston, Texas 77007

on this __2d__ day April 2003.

_____
Douglas W. Poole