IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR - 8 2003

CLERK, U.S. DISTRICT COURT
By _____
                Deputy

RENE RIVERA,                          )
                                      )
               Plaintiff,             )
                                      )
v.                                    )
                                      )
UNION PACIFIC RAILROAD CO.,           )
                                      )  Civil Action No.
               Defendant.             )  1:03-CV-031-C

## COURT'S CHARGE TO THE JURY
## AND JURY VERDICT

MEMBERS OF THE JURY:

Now that you have heard all of the evidence, it becomes my duty to give you the

instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to

the facts as you find them from the evidence in the case. You are not to single out one

instruction alone as stating the law, but must consider the instructions as a whole. Neither are

you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be

a violation of your sworn duty to base a verdict upon any view of the law other than that given in

the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of

the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as

to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy

or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons, and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Generally speaking, there are two types of evidence which a jury may consider in properly finding the truth as to the facts in this case.  One is direct evidence -- such as testimony of an eyewitness.  The other is indirect or circumstantial evidence -- the proof of a chain of circumstances which points to the existence or nonexistence of certain facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts from a preponderance of all the evidence, both direct and circumstantial.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony.  In weighing the testimony of a witness, you should consider his relationship to the plaintiff or to the defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact   You may find that the testimony of a

smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

During the trial of this case, certain testimony has been presented to you by way of summaries of depositions or video depositions, consisting of sworn answers to questions asked of the witness in advance of trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand, is usually presented in the form of a deposition. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by the jury in the same way, insofar as possible, as if the witness had been present and had given from the witness stand the same testimony as given in the deposition.

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

The burden is on a party in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence."  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have introduced them.  If the proof should fail to establish any essential element of a party's claim by a preponderance of the evidence, the jury should find for the opposing party as to that claim.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time he said or did something, or failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, it is in your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

In answering the questions which I will submit to you, answer "yes" or "no" unless otherwise instructed.  A "yes" answer must be based on a preponderance of the evidence.  If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no."

After I have completed reading this Charge to you and have reviewed the verdict form, instructions, and jury questions, counsel will have the opportunity to make their closing arguments.

Your verdict must represent a considered judgment of each juror.  In order to return a verdict, it is necessary that all members of the jury agree thereto.  You may not therefore enter into an agreement to be bound by a majority or any vote other than a unanimous one.

Remember at all times you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your presiding officer who will preside over your deliberations and will be your spokesman here in Court.  A verdict form has been prepared for your convenience.  Your presiding officer will sign in the space provided below after you have reached your verdict.

If, during your deliberations, you wish to communicate with the Court, you should do so only in writing by a note handed to the Deputy Marshal and signed by the presiding officer.

After you have reached your verdict, you will return this charge together with your written answers to the questions that I will submit to you.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.

Date: April 8, 2003

SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE

Plaintiff, Rene L. Rivera, claims damages under the Federal Employers Liability Act, commonly known as "FELA," for personal injuries alleged to have been suffered as a result of negligence by Defendant, Union Pacific Railroad Company.

Defendant, Union Pacific Railroad Company, asserts that Plaintiff, Rene L. Rivera, was not injured as a result of any negligence by Defendant. Defendant furthermore contends that the Plaintiff was negligent.

It is agreed that, at the time and place alleged by Plaintiff, Rene L. Rivera, Defendant, Union Pacific Railroad Company, was a railroad common carrier engaged in interstate commerce. Plaintiff, Rene L. Rivera, was then an employee of Defendant, Union Pacific Railroad Company, engaged in such commerce. Rene L. Rivera's right, if any, to recover in this case is governed by the provisions of the Federal Employers Liability Act.

The Plaintiff is making a claim under the Federal Employers Liability Act.  To prevail, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.  that at the time of the Plaintiff's injury, he was an employee of the Defendant performing duties in the course of his employment;

2.  that the Defendant at such time was a common carrier by railroad, engaged in interstate commerce;

3.  that the Defendant was "negligent"; and

4.  that Defendant's negligence was a "legal cause" of damage sustained by the Plaintiff.

If the Plaintiff does not establish his claim by a preponderance of the evidence, your verdict must be for the Defendant.  If, however, Plaintiff does establish his claim by a preponderance of the evidence, then you must consider the defense raised by the Defendant.

The Defendant contends that the Plaintiff was negligent and that such negligence was a legal cause of the Plaintiff's injury. The Defendant bears the burden of proving that the Plaintiff was negligent. The Defendant must establish:

1. that the Plaintiff was also negligent; and

2. that such negligence was a legal cause of the Plaintiff's own damage.

Negligence is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

Negligence is a legal cause of damage if it played any part, no matter how small, in bringing about or actually causing the injury or damage. Negligence may be a legal cause of damage even though it operates in combination with the act of another, or some natural cause, or some other cause, if the negligence played any part, no matter how small, in causing the damage.

It is the continuing duty of an employer, such as the defendant, to use "ordinary care" under the circumstances, in furnishing the plaintiff with a reasonably safe place in which to work, and to use ordinary care under the circumstances to maintain and keep such place of work in a reasonably safe condition. This does not mean, of course, that the employer is a guarantor or insurer of the safety of the place to work. The extent of the employer's duty is to exercise ordinary care, under the circumstances, to see that the place in which the work is to be performed is reasonably safe, under the circumstances shown by the evidence in the case.

"Ordinary care" is that care which reasonably prudent persons exercise in the management of their own affairs, in order to avoid injury to themselves or their property, or the persons or property of others.

Ordinary care is not an absolute term, but a relative one. That is to say, in deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances as shown by the evidence in the case.

If you find that the Defendant was negligent and that the Plaintiff was negligent, then the Plaintiff will not be barred from recovery, but his recovery will be reduced. Let me give you an example: If you find that the accident was due partly to the fault of the Plaintiff, that the Plaintiff's own negligence was, for example, 10% responsible for the damage, then you must fill in that percentage as your finding on the question form that I will explain to you. Your finding that the Plaintiff was negligent does not prevent him from recovering; I will merely reduce the Plaintiff's total damages by the percentage that you insert. Of course, by using the number 10% as an example, I do not mean to suggest any specific figure to you. If you find that the Plaintiff was negligent, you might find an amount between 1% and 99%.

If the Plaintiff has proved his claim against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled.  You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case.  It is your task first to decide whether the Defendant is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

If you find that the Defendant is liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole—that is, to compensate the Plaintiff for the injuries suffered.

You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Damages must be reasonable. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find the Defendant is liable and the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the Plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The Defendant has the burden of proving the damages which the Plaintiff could have mitigated. In deciding whether to reduce the Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendant has satisfied its burden of proving that the Plaintiff's conduct was not reasonable.

The term "mental anguish" implies a relatively high degree of mental pain and distress. It is more than mere disappointment, anger, resentment, or embarrassment, although it may include all of these. It includes a mental sensation of pain resulting from such painful emotions as grief, severe disappointment, indignation, wounded pride, shame, despair, or public humiliation.

If you should find that Plaintiff is entitled to a verdict, in fixing the amount of your award you may not include in, or add to an otherwise just award, any sum for the purpose of punishing Defendant, or to serve as an example or warning for others.  Nor may you include in your award any sum for court costs or attorney fees.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

a.    Damages Accrued.

If you find for the Plaintiff Rene L. Rivera, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.

b.    Calculation of Future Damages.

If you find that the Plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award the amount you believe would fairly compensate him for such future damages. In calculating future damages, you should consider the standard table of mortality as compiled by the United State Bureau of Census or other recognized mortality table.

c.    Reduction of Future Damages to Present Value.

An award of future damages necessarily requires that payment be made now for a loss that the Plaintiff will not actually suffer until some future date. If you should find that the Plaintiff is entitled to future damages, including future earnings and benefits, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings and benefits, you must consider two particular factors:

      i.    You should reduce any award by the amount of the expenses that the Plaintiff would have incurred in making those earnings and benefits.

      ii.    If you make an award for the future loss of earnings and benefits, you must reduce it to present value by considering the interest that the Plaintiff could earn on the amount of the award if he made a relatively risk-free investment. The reason you must make this reduction is because an award

of an amount representing future loss of earnings and benefits is more valuable to the Plaintiff if he receives it today than if he received it in the future when he would otherwise have earned it. It is more valuable because the Plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money. Thus, you should adjust the amount of any award for future loss of earnings and benefits by the amount of interest that the Plaintiff can earn on that amount in the future.

If you make an award for any future medical expenses, you should adjust or discount the award to present value in the same manner as with loss of future earnings and benefits.

However, you must not make any adjustment to present value for any damages you award for future pain and suffering, future mental anguish, or physical impairment.

The sum of money, if any, you award will not be subject to any income taxes, except as hereafter provided, and you should not consider or discuss such taxes in fixing the amount of your award, if any.

You should award damages for any bodily injury that the Plaintiff sustained and any pain and suffering, disability that the Plaintiff experienced in the past, or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental anguish, physical pain and suffering, or the like, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the Plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award that you make should be fair in the light of the evidence.

You are instructed that in computing the Plaintiff's damages for past and/or future lost wages and benefits, if any, you should not base it on his gross earnings, but should consider only the net amount of his earnings after the deduction of income taxes and railroad retirement taxes. In other words, the Plaintiff is entitled to recover only the "take home pay" and benefits which you find he has lost in the future or will lose in the future.

You may award damages for aggravation of an existing disease or physical defect or activation of any such latent condition resulting from physical injury to the Plaintiff. If you find that there was such an aggravation, you should determine, if you can, what portion of the Plaintiff's conditions resulted from the aggravation, and make allowance in your verdict only for that aggravation.

## QUESTION NO. _1_

Was the negligence, if any, of those named below the legal cause of the Plaintiff's injury?

Answer "Yes" or "No" for each of the following:

A.      Plaintiff, Rene L. Rivera _____yes_____

B.      Defendant, Union Pacific Railroad Company _____yes_____

If you have answered "Yes" to Question No. _*1*_ for more than one of those named

below, then answer the following question.  Otherwise do not answer the following question.

## QUESTION NO. *2*

The percentages you find must total 100 percent.  The percentages must be expressed in

whole numbers.  The negligence attributable to any one named below is not necessarily measured

by the number of acts or omissions found.

What percentage of the negligence that caused the injury do you find to be attributable to

each of those found by you, in your answer to Question No. _*1*_, to have been negligent?

| | | | |
|---|---|---|---|
| A. | Plaintiff, Rene L. Rivera | *5* | % |
| B. | Defendant, Union Pacific Railroad Company | *95* | % |
| | TOTAL | 100 | % |

## QUESTION NO. _3_

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff, Rene L. Rivera, for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

Answer in dollars and cents for damages, if any, as to each of the following elements:

A.   Physical pain and mental anguish sustained in the past

Answer: _$ 10,000 .00_

B.   Physical pain and mental anguish reasonably probable to be sustained in the future

Answer: _∅ (zero)_

C.   Loss of earnings sustained in the past

Answer: _$ 92,750.00_

D.   Loss of earning capacity reasonably probable to be sustained in the future

Answer: _$ 1,043,270.00_

E.   Physical impairment sustained in the past

Answer: _∅ (zero)_

F.   Physical impairment reasonably probable to be sustained in the future

Answer: _$~~50,000~~ ∅ (zero)_

G.   Reasonable medical care, that in reasonable probability, Plaintiff will incur in the future.

Answer: _$ 50,000.00_

26

Certificate

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

_Mary K Ross_
Presiding Officer of the Jury